CURTIS J. BUSBY
Nevada Bar No. 6581
**BOWMAN AND BROOKE LLP**
2901 North Central Avenue, Suite 1600
Phoenix, Arizona 85012
(602) 643-2300 (Telephone)
(602) 248-0947 (Facsimile)
curtis.busby@bowmanandbrooke.com

ROBERT A. NERSESIAN
Nevada Bar No. 2762
**NERSESIAN & SANKIEWICZ**
528 S. Eighth Street
Las Vegas, Nevada 89101
(702) 385-5454 (Telephone)
vegaslegal@aol.com

Attorneys for Defendant Caterpillar Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ARLA BREE SMITH, individually, | Case No. |
| Plaintiff, | |
| v. | **DEFENDANT CATERPILLAR INC.'S NOTICE OF REMOVAL TO FEDERAL COURT** |
| RICHARD DANIEL WHELDEN, individually; CATERPILLAR INC.; DOE INDIVIDUALS 1-20, inclusive; and ROE CORPORATIONS 1-20, inclusive, | |
| Defendants. | |

Defendant Caterpillar Inc. ("Caterpillar"), hereby submits this Notice of Removal pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

## BACKGROUND

1. Plaintiff filed this action on September 16, 2020, in the District Court of Clark County, Nevada, styled Arla Bree Smith, individually, Plaintiff, v. Richard Daniel Whelden, individually, Caterpillar Inc., Doe Individuals 1-20, inclusive, and Roe Corporations 1-20, inclusive, Defendants, Case No. A-20-821308-C. *See* Summons and Complaint, attached hereto as Exhibit A.

2.     The Summons and Complaint were served on Caterpillar on October 6, 2020.

3.     Caterpillar has not answered Plaintiff's Complaint.

4.     Defendant Whelden was served with the Summons and Complaint on October 10, 2020.

5.     The Summons and Complaint against Caterpillar is attached as Exhibit A.

6.     The Summons and Complaint against Defendant, Wheldon, is attached as Exhibit B.

7.     Exhibits A and B constitute all process, pleadings, and orders served upon such defendants.

8.     Defendant Whelden has not answered Plaintiff's Complaint.

9.     Defendant Whelden consents to removal.

10.    There are no other defendants.  Removal is therefore proper pursuant to 28 U.S.C. § 1446.

## **COMPLETE DIVERSITY**

11.    Plaintiff is a resident of Clark County, Nevada. Ex. A ¶ 1.

12.    Plaintiff admits Caterpillar is a foreign corporation. Ex. A ¶ 3.

13.    Whelden is a resident of the State of Arizona. Ex. A ¶ 2.

14.    There are no other defendants.

15.    Complete diversity exists among the parties for this Court to exercise diversity subject matter jurisdiction over this matter. 28 U.S.C. § 1332(a)(1).

## **AMOUNT IN CONTROVERSY**

16.    This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

17.    Whether the amount in controversy requirement is satisfied is determined by reference to the economic benefit plaintiff is trying to protect.  *See Buckeye Recyclers v. CHEP USA*, 228 F. Supp. 2d 818 (S.D. Ohio 2002).

18.    Here, plaintiff allegedly sustained injuries to "her head, neck, back, bodily limbs,

organs, and systems [from the incident,] all or some of which conditions may be permanent and disabling in nature. . . ." Ex. A ¶ 12. Upon information and belief, plaintiff also sustained injury to her lumbar spine.  Additionally, plaintiff alleges that her care and treatment are "continuing and shall continue into the future at a presently unascertainable amount," Ex. A ¶ 13, which Caterpillar is informed and believes will be provided, at least in part, by an orthopedic surgeon with whom plaintiff is currently treating. Thus, plaintiff seeks her past and future medical expenses allegedly incurred as a result of the incident. Ex. A ¶¶ 12–13, Prayer for Relief.

19.    Upon information and belief, plaintiff has not yet gathered all medical bills regarding her past medical treatment. Moreover, plaintiff has not quantified the future medical expenses that she will allegedly incur. *See* Ex. A ¶ 14. It follows that, based upon plaintiff's alleged medical damages alone, the amount in controversy in this matter is substantially higher than $75,000 because the claim is based upon incomplete medical billing records and plaintiff seeks "unascertainable" future medical expenses in this lawsuit.

20.    In addition to past and future medical expenses, plaintiff also seeks to recover for general damages, lost wages, reasonable attorneys' fees and costs incurred. Ex. A at 6, ¶ 4.

21.    Thus, it is facially apparent from the Complaint that the amount in controversy exceeds $75,000.00.

## TIMELY FILED

22.    This action first became removable on October 6, 2020, when Caterpillar was served a copy of Plaintiff's Complaint.  Because this Notice of Removal is filed within thirty (30) days after Caterpillar's receipt of plaintiff's Complaint, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

23.    Because this Notice of Removal is filed within one-year of September 16, 2020, the date of the commencement of this action, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

## REMOVAL JURISDICTION

24.    This Court has removal jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

25. Pursuant to 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and court embracing the District Court of Clark County, Nevada, the place where the state action is pending.

26. In filing this Notice of Removal, Caterpillar does not waive any defenses available to it in this action or its right to challenge this Court's personal jurisdiction.

27. Caterpillar demands a trial by jury.

**WHEREFORE**, upon the filing hereof, this action is removed from the District Court of Clark County, Nevada to the United States District Court for the District of Nevada.

DATED this 26th day of October, 2020.

**BOWMAN AND BROOKE LLP**

By:/s/Curtis J. Busby
      Curtis J. Busby
      Nevada Bar No. 6581
      Suite 1600, Phoenix Plaza
      2901 North Central Avenue
      Phoenix, Arizona 85012-2736

      In conjunction with:

      ROBERT A. NERSESIAN
      Nevada Bar No. 2762
      **NERSESIAN & SANKIEWICZ**
      528 S. Eighth Street
      Las Vegas, Nevada 89101

      Attorneys for Defendant Caterpillar, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on 26th day of October, 2020, I electronically filed the foregoing: **DEFENDANT CATERPILLAR INC.'S NOTICE OF REMOVAL TO FEDERAL COURT** with the clerk of this Court, using the CM/ECF System.

> Garnet E. Beal, Esq.
> Nevada Bar No.: 12693
> **DIMOPOULOS INJURY LAW**
> 6671 S. Las Vegas Blvd., Suite 275
> Las Vegas, NV 89119
> O: (702) 800-6000
> F: (702) 224-2114
> gb@stevedimopoulos.com
>
> *Attorneys for Plaintiff*

/s/Jeannette Felix
An employee of Bowman and Brooke LLP

# EXHIBIT A

SUMM

# District Court

## CLARK COUNTY, NEVADA

ARLA BREE SMITH, individually,

  Plaintiff,

  vs.

RICHARD DANIEL WHELDEN, individually;
CATERPILLAR, INC.; DOE INDIVIDUALS 1-20, inclusive;
and ROE CORPORATIONS 1-20, inclusive,

  Defendants.

CASE NO.: A-20-821308-C
DEPT NO.: 23

**SUMMONS TO
CATERPILLAR, INC.**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

## CATERPILLAR, INC.

1.   If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:
    (a)  File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
    (b)  Serve a copy of your response upon the attorney whose name and address is shown below.

2.   Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.   If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.   The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint

Submitted by:

 /s/ Garnet E. Beal

GARNET E. BEAL, ESQ.
Nevada Bar No.: 12693
DIMOPOULOS INJURY LAW
6830 S. Rainbow Blvd., Suite 200
Las Vegas, NV 89118
O: (702) 800-6000
*Attorneys for Plaintiff*

STEVEN D. GRIERSON
CLERK OF COURT

By: *Robyn Rodriguez*    10/5/2020
  DEPUTY CLERK     Date
  Regional Justice Center
  200 Lewis Avenue
  Las Vegas, NV 89155
  Robyn Rodriguez

Electronically Filed
9/16/2020 2:37 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
GARNET E. BEAL, ESQ.
Nevada Bar No.: 12693
DIMOPOULOS INJURY LAW
6671 S. Las Vegas Blvd., Suite 275
Las Vegas, NV 89119
O: (702) 800-6000
F: (702) 224-2114
gb@stevedimopoulos.com
*Attorneys for Plaintiff*

CASE NO: A-20-821308-C
Department 23

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| ARLA BREE SMITH, individually,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD DANIEL WHELDEN, individually;<br>CATERPILLAR, INC.; DOE INDIVIDUALS 1-20,<br>inclusive; and ROE CORPORATIONS 1-20,<br>inclusive,<br><br>Defendants. | CASE NO.:<br>DEPT NO.:<br><br><br><br>**COMPLAINT** |

Plaintiff Arla Bree Smith, by and through her counsel, GARNET E. BEAL, ESQ. of the DIMOPOULOS INJURY LAW, and for her Complaint against the Defendants, and each of them alleges as follows:

## GENERAL ALLEGATIONS

1.     At all times relevant herein, Plaintiff Arla Bree Smith ("Plaintiff") is and was a resident of Clark County, State of Nevada.

2.     Upon information and belief at all times relevant herein Defendant Richard Daniel Whelden ("Defendant") is and was a resident of the State of Arizona.

3.     Upon information and belief and at all times relevant herein, Defendant CATERPILLAR, INC. ("CATERPILLAR") is and was at all times relevant herein, a foreign corporation authorized to conduct business and doing business in the State of Nevada.

4. At all times relevant to these proceedings, Defendant was an authorized agent and/or employee of CATERPILLAR acting within the course and scope of his agency or employment.

5. The true names and capacities of Defendants named herein as DOES I through X, and ROE BUSINESS ENTITIES I through X, whether individual, corporate, associate, or otherwise, are presently unknown to Plaintiff, who, therefore, sues said defendants so designated herein is responsible in some manner for the events and occurrences referred to herein alleged, and Plaintiff will request leave of Court to amend this Complaint to insert the true names and capacities of DOES I through X, and ROE BUSINESS ENTITIES I through X, when the same have been ascertained and to join such defendants in this action.

6. On or about March 6, 2020, Defendant was the operator of a Chevrolet truck and was in the course and scope of his employment with CATERPILLAR.

7. At all times relevant herein, CATERPILLAR is and was the owner of the vehicle operated by Defendant. Defendant operated said vehicle with the full knowledge, permission and consent of CATERPILLAR.

8. On or about March 6, 2020, Plaintiff was operating her 2013 Honda Fit bearing Nevada license plate PF7184 southbound on Las Vegas Boulevard in Las Vegas, Clark County, Nevada.

9. As Plaintiff's vehicle stopped, Defendant, who was traveling immediately behind Plaintiff, failed to stop for traffic, failed to use due care and collided with the rear of Plaintiff's vehicle, thereby causing injuries and damages to Plaintiff.

### FIRST CLAIM FOR RELIEF
#### (NEGLIGENCE-DEFENDANT WHELDEN)

Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 9, as though fully set forth herein.

10. On or about March 6, 2020, the Defendant had a duty to operate his vehicle in a

careful and prudent manner.

11.   Defendant breached this duty when he operated his vehicle in a negligent, careless and reckless manner when he failed to pay full attention to driving, failed to use due care and rear-ended Plaintiff's vehicle, thereby causing damages and injuries to Plaintiff.

12.   By reason of the premises and as a direct and proximate result thereof, Plaintiff sustained injuries to her head, neck, back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to her general damage in a sum in excess of $15,000.

13.   By reasons of the premises and as a direct and proximate result of the aforementioned, Plaintiff was required to and did receive medical and other treatment for her injuries received in an expense all to her damage in a sum in excess of $15,000.  Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount, and Plaintiff will amend her Complaint accordingly when the same shall be ascertained.

14.   Prior to the injuries complained herein, Plaintiff was an able-bodied person readily and gainfully employed and physically capable of engaging in all other activities for which she was otherwise suited.

15.   By reason of the premises and as a direct and proximate result of the Defendants' negligence, Plaintiff has been required to and did lose time from her employment, continues to and shall continue to be limited in each of her activities and occupations which have caused and shall continue to cause Plaintiff's loss of earnings and earning capacity to Plaintiff's damage in a presently unascertainable amount.  In this regard, Plaintiff asks leave of this Court to insert said amount when the same shall be fully ascertained.

16.   Plaintiff has been compelled to retain the services of an attorney to prosecute this action and, therefore, entitled to reasonable attorney's fees and costs incurred herein.

. . .

. . .

. . .

## SECOND CLAIM FOR RELIEF
### (NEGLIGENCE PER SE-DEFENDANT WHELDEN)

Plaintiffs repeats and realleges the allegations contained in Paragraphs 1 through 16, as fully set forth herein.

17.    Defendant had a duty to operate his vehicle in accordance with the traffic laws of the State of Nevada.

18.    Defendant violated the laws of the State of Nevada by operating his vehicle in a negligent, careless and reckless manner, by failing to pay full attention to driving and thus, rear-ended Plaintiff's vehicle, thereby causing damages and injuries to Plaintiff. Thus, Defendant is negligent per se.

19.    By reason of the premises and as a direct and proximate result thereof, Plaintiff sustained injuries to her head, neck, back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to her general damage in a sum in excess of $15,000.

20.    By reasons of the premises and as a direct and proximate result of the aforementioned, Plaintiff was required to and did receive medical and other treatment for her injuries received in an expense all to her damage in a sum in excess of $15,000.  Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount, and Plaintiff will amend her Complaint accordingly when the same shall be ascertained.

21.    Prior to the injuries complained herein, Plaintiff was an able-bodied person readily and gainfully employed and physically capable of engaging in all other activities for which she was otherwise suited.

## THIRD CLAIM FOR RELIEF
### (NEGLIGENCE ENTRUSTMENT-DEFENDANT CATERPILLAR)

Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 21, as fully set forth herein.

22.    CATERPILLAR entrusted said vehicle to Defendant when they allowed him to drive said vehicle.

DIMOPOULOS
INJURY LAW

23.   CATERPILLAR knew or should have known that the Defendant lacked the skill and necessary training in operating a motor vehicle entrusted to her. As such, CATERPILLAR knew or should have known of the significant hazards arising from the operating of said motor vehicle on public streets.

24.   CATERPILLAR knew or should have known that the entrustment of said vehicle to Defendant would inflict damages to person and property using public streets, including Plaintiff.

25.   CATERPILLAR had a duty to only trust said vehicle to qualified and competent drivers.

26.   CATERPILLAR breached this duty when they entrusted the vehicle to Defendant.

27.   By reason of the premises and as a direct and proximate result thereof, Plaintiff sustained injuries to her head, neck, back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to her general damage in a sum in excess of $15,000.

28.   By reasons of the premises and as a direct and proximate result of the aforementioned, Plaintiff was required to and did receive medical and other treatment for her injuries received in an expense all to her damage in a sum in excess of $15,000.  Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount, and Plaintiff will amend her Complaint accordingly when the same shall be ascertained.

29.   Prior to the injuries complained herein, Plaintiff was an able-bodied person readily and gainfully employed and physically capable of engaging in all other activities for which she was otherwise suited.

### FOURTH CLAIM FOR RELIEF
#### (RESPONDEAT SUPERIOR-DEFENDANT CATERPILLAR)

Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 29, as if fully set forth herein.

30.   CATERPILLAR entrusted said truck to Defendant in order to generate income and profits.

31.   Defendant is and was an employee of CATERPILLAR and under the supervision and

DIMOPOULOS
INJURY LAW

1  control of CATERPILLAR at the time of the accident described herein.

2      32.   At all times relevant herein, Defendant was acting within the scope and course of

3  his employment with CATERPILLAR at the time of the accident described herein.

4      33.   By reason of the premises and as a direct and proximate result thereof, Plaintiff

5  sustained injuries to her head, neck, back, bodily limbs, organs, and systems all or some of which

6  conditions may be permanent and disabling in nature, all to her general damage in a sum in

7  excess of $15,000.

8      34.   By reasons of the premises and as a direct and proximate result of the

9  aforementioned, Plaintiff was required to and did receive medical and other treatment for her

10  injuries received in an expense all to her damage in a sum in excess of $15,000.  Said services,

11  care, and treatment are continuing and shall continue in the future, at a presently

12  unascertainable amount, and Plaintiff will amend her Complaint accordingly when the same shall

13  be ascertained.

14      35.   Prior to the injuries complained herein, Plaintiff was an able-bodied person readily

15  and gainfully employed and physically capable of engaging in all other activities for which she

16  were otherwise suited.

17  WHEREFORE, Plaintiff Arla Smith prays for judgment on all claims for relief as follows:

18  1.   General damages in excess of $15,000.00.

19  2.   Special damages in excess of $15,000.00.

20  3.   Lost wages in an amount yet to be determined.

21  4.   Costs of suit incurred including reasonable attorneys' fees.

22  5.   For such other relief as the Court deems just and proper.

23  DATED THIS 16th day of September, 2020.

**DIMOPOULOS INJURY LAW**

24

25  */s/ Garnet E. Beal*

26  GARNET E. BEAL, ESQ.
   Nevada Bar No. 12693

27  6830 South Las Vegas Boulevard, #275
   Las Vegas, NV 89119

28

DIMOPOULOS
INJURY LAW

# EXHIBIT B

SUMM

# District Court

## CLARK COUNTY, NEVADA

ARLA BREE SMITH, individually,

Plaintiff,

vs.

RICHARD DANIEL WHELDEN, individually;
CATERPILLAR, INC.; DOE INDIVIDUALS 1-20, inclusive;
and ROE CORPORATIONS 1-20, inclusive,

Defendants.

CASE NO.: A-20-821308-C
DEPT NO.: 23

### SUMMONS TO
### RICHARD DANIEL WHELDEN

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

## RICHARD DANIEL WHELDEN

1.  If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:
    (a)     File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
    (b)     Serve a copy of your response upon the attorney whose name and address is shown below.

2.  Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.  If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.  The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint

Submitted by:

/s/ Garnet E. Beal

GARNET E. BEAL, ESQ.
Nevada Bar No.: 12693
DIMOPOULOS INJURY LAW
6830 S. Rainbow Blvd., Suite 200
Las Vegas, NV 89118
O: (702) 800-6000
*Attorneys for Plaintiff*

STEVEN D. GRIERSON
CLERK OF COURT

By: _Robyn Rodriguez_          10/5/2020
**DEPUTY CLERK**                    Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155
Robyn Rodriguez

Electronically Filed
9/16/2020 2:37 PM
Steven D. Grierson
CLERK OF THE COURT

1  **COMP**
   GARNET E. BEAL, ESQ.
2  Nevada Bar No.: 12693
   DIMOPOULOS INJURY LAW
3  6671 S. Las Vegas Blvd., Suite 275
   Las Vegas, NV 89119
4  O: (702) 800-6000
   F: (702) 224-2114
5
   *Attorneys for Plaintiff*
6

**CASE NO: A-20-821308-C**
**Department 23**

7                    **DISTRICT COURT**

8                 **CLARK COUNTY, NEVADA**

9  ARLA BREE SMITH, individually,

10        Plaintiff,                    CASE NO.:
                                        DEPT NO.:
11     vs.

12  RICHARD DANIEL WHELDEN, individually;
    CATERPILLAR, INC.; DOE INDIVIDUALS 1-20,
13  inclusive; and ROE CORPORATIONS 1-20,        **COMPLAINT**
    inclusive,
14
15        Defendants.

16
17     Plaintiff Arla Bree Smith, by and through her counsel, GARNET E. BEAL, ESQ. of the

18  DIMOPOULOS INJURY LAW, and for her Complaint against the Defendants, and each of them

19  alleges as follows:

20                 **GENERAL ALLEGATIONS**

21     1.    At all times relevant herein, Plaintiff Arla Bree Smith ("Plaintiff") is and was a

22  resident of Clark County, State of Nevada.

23     2.    Upon information and belief at all times relevant herein Defendant Richard Daniel

24  Whelden ("Defendant") is and was a resident of the State of Arizona.

25     3.    Upon information and belief and at all times relevant herein, Defendant

26  CATERPILLAR, INC. ("CATERPILLAR") is and was at all times relevant herein, a foreign corporation

27  authorized to conduct business and doing business in the State of Nevada.

28

                         Page 1 of 6

4.     At all times relevant to these proceedings, Defendant was an authorized agent and/or employee of CATERPILLAR acting within the course and scope of his agency or employment.

5.     The true names and capacities of Defendants named herein as DOES I through X, and ROE BUSINESS ENTITIES I through X, whether individual, corporate, associate, or otherwise, are presently unknown to Plaintiff, who, therefore, sues said defendants so designated herein is responsible in some manner for the events and occurrences referred to herein alleged, and Plaintiff will request leave of Court to amend this Complaint to insert the true names and capacities of DOES I through X, and ROE BUSINESS ENTITIES I through X, when the same have been ascertained and to join such defendants in this action.

6.     On or about March 6, 2020, Defendant was the operator of a Chevrolet truck and was in the course and scope of his employment with CATERPILLAR.

7.     At all times relevant herein, CATERPILLAR is and was the owner of the vehicle operated by Defendant. Defendant operated said vehicle with the full knowledge, permission and consent of CATERPILLAR.

8.     On or about March 6, 2020, Plaintiff was operating her 2013 Honda Fit bearing Nevada license plate PF7184 southbound on Las Vegas Boulevard in Las Vegas, Clark County, Nevada.

9.     As Plaintiff's vehicle stopped, Defendant, who was traveling immediately behind Plaintiff, failed to stop for traffic, failed to use due care and collided with the rear of Plaintiff's vehicle, thereby causing injuries and damages to Plaintiff.

### FIRST CLAIM FOR RELIEF
#### (NEGLIGENCE-DEFENDANT WHELDEN)

Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 9, as though fully set forth herein.

10.     On or about March 6, 2020, the Defendant had a duty to operate his vehicle in a

DIMOPOULOS
INJURY LAW

SUMM

# District Court
## CLARK COUNTY, NEVADA

ARLA BREE SMITH, individually,

        Plaintiff,

    vs.

RICHARD DANIEL WHELDEN, individually;
CATERPILLAR, INC.; DOE INDIVIDUALS 1-20, inclusive;
and ROE CORPORATIONS 1-20, inclusive,

      Defendants.

CASE NO.: A-20-821308-C
DEPT NO.: 23

## SUMMONS TO
## RICHARD DANIEL WHELDEN

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

## RICHARD DANIEL WHELDEN

1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:
    (a)    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
    (b)    Serve a copy of your response upon the attorney whose name and address is shown below.

2.    Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.    The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint

Submitted by:

/s/ Garnet E. Beal

GARNET E. BEAL, ESQ.
Nevada Bar No.: 12693
DIMOPOULOS INJURY LAW
6830 S. Rainbow Blvd., Suite 200
Las Vegas, NV 89118
O: (702) 800-6000
*Attorneys for Plaintiff*

STEVEN D. GRIERSON
CLERK OF COURT

By: _Robyn Rodriguez_    10/5/2020
    DEPUTY CLERK        Date
    Regional Justice Center
    200 Lewis Avenue
    Las Vegas, NV 89155
    Robyn Rodriguez

Electronically Filed
9/16/2020 2:37 PM
Steven D. Grierson
CLERK OF THE COURT

1  **COMP**
   GARNET E. BEAL, ESQ.
2  Nevada Bar No.: 12693
   DIMOPOULOS INJURY LAW
3  6671 S. Las Vegas Blvd., Suite 275
   Las Vegas, NV 89119
4  O: (702) 800-6000
   F: (702) 224-2114
5
   *Attorneys for Plaintiff*
6

CASE NO: A-20-821308-C
Department 23

7                          **DISTRICT COURT**

8                       **CLARK COUNTY, NEVADA**

9  ARLA BREE SMITH, individually,          CASE NO.:
                                           DEPT NO.:
10          Plaintiff,

11     vs.

12  RICHARD DANIEL WHELDEN, individually;
    CATERPILLAR, INC.; DOE INDIVIDUALS 1-20,
13  inclusive; and ROE CORPORATIONS 1-20,        **COMPLAINT**
    inclusive,
14
15          Defendants.

16

17     Plaintiff Arla Bree Smith, by and through her counsel, GARNET E. BEAL, ESQ. of the

18  DIMOPOULOS INJURY LAW, and for her Complaint against the Defendants, and each of them

19  alleges as follows:

20                          **GENERAL ALLEGATIONS**

21     1.     At all times relevant herein, Plaintiff Arla Bree Smith ("Plaintiff") is and was a

22  resident of Clark County, State of Nevada.

23     2.     Upon information and belief at all times relevant herein Defendant Richard Daniel

24  Whelden ("Defendant") is and was a resident of the State of Arizona.

25     3.     Upon information and belief and at all times relevant herein, Defendant

26  CATERPILLAR, INC. ("CATERPILLAR") is and was at all times relevant herein, a foreign corporation

27  authorized to conduct business and doing business in the State of Nevada.

28

DIMOPOULOS
INJURY LAW

4.      At all times relevant to these proceedings, Defendant was an authorized agent and/or employee of CATERPILLAR acting within the course and scope of his agency or employment.

5.      The true names and capacities of Defendants named herein as DOES I through X, and ROE BUSINESS ENTITIES I through X, whether individual, corporate, associate, or otherwise, are presently unknown to Plaintiff, who, therefore, sues said defendants so designated herein is responsible in some manner for the events and occurrences referred to herein alleged, and Plaintiff will request leave of Court to amend this Complaint to insert the true names and capacities of DOES I through X, and ROE BUSINESS ENTITIES I through X, when the same have been ascertained and to join such defendants in this action.

6.      On or about March 6, 2020, Defendant was the operator of a Chevrolet truck and was in the course and scope of his employment with CATERPILLAR.

7.      At all times relevant herein, CATERPILLAR is and was the owner of the vehicle operated by Defendant. Defendant operated said vehicle with the full knowledge, permission and consent of CATERPILLAR.

8.      On or about March 6, 2020, Plaintiff was operating her 2013 Honda Fit bearing Nevada license plate PF7184 southbound on Las Vegas Boulevard in Las Vegas, Clark County, Nevada.

9.      As Plaintiff's vehicle stopped, Defendant, who was traveling immediately behind Plaintiff, failed to stop for traffic, failed to use due care and collided with the rear of Plaintiff's vehicle, thereby causing injuries and damages to Plaintiff.

### FIRST CLAIM FOR RELIEF
#### (NEGLIGENCE-DEFENDANT WHELDEN)

Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 9, as though fully set forth herein.

10.     On or about March 6, 2020, the Defendant had a duty to operate his vehicle in a

DIMOPOULOS
INJURY LAW

1   careful and prudent manner.

2       11.    Defendant breached this duty when he operated his vehicle in a negligent, careless
3   and reckless manner when he failed to pay full attention to driving, failed to use due care and
4   rear-ended Plaintiff's vehicle, thereby causing damages and injuries to Plaintiff.

5       12.    By reason of the premises and as a direct and proximate result thereof, Plaintiff
6   sustained injuries to her head, neck, back, bodily limbs, organs, and systems all or some of which
7   conditions may be permanent and disabling in nature, all to her general damage in a sum in
8   excess of $15,000.

9       13.    By reasons of the premises and as a direct and proximate result of the
10   aforementioned, Plaintiff was required to and did receive medical and other treatment for her
11   injuries received in an expense all to her damage in a sum in excess of $15,000.  Said services,
12   care, and treatment are continuing and shall continue in the future, at a presently
13   unascertainable amount, and Plaintiff will amend her Complaint accordingly when the same shall
14   be ascertained.

15       14.    Prior to the injuries complained herein, Plaintiff was an able-bodied person readily
16   and gainfully employed and physically capable of engaging in all other activities for which she was
17   otherwise suited.

18       15.    By reason of the premises and as a direct and proximate result of the Defendants'
19   negligence, Plaintiff has been required to and did lose time from her employment, continues to
20   and shall continue to be limited in each of her activities and occupations which have caused and
21   shall continue to cause Plaintiff's loss of earnings and earning capacity to Plaintiff's damage in a
22   presently unascertainable amount.  In this regard, Plaintiff asks leave of this Court to insert said
23   amount when the same shall be fully ascertained.

24       16.    Plaintiff has been compelled to retain the services of an attorney to prosecute this
25   action and, therefore, entitled to reasonable attorney's fees and costs incurred herein.

26   . . .

27   . . .

28   . . .

Page 3 of 6

### SECOND CLAIM FOR RELIEF
#### (NEGLIGENCE PER SE-DEFENDANT WHELDEN)

Plaintiffs repeats and realleges the allegations contained in Paragraphs 1 through 16, as fully set forth herein.

17.     Defendant had a duty to operate his vehicle in accordance with the traffic laws of the State of Nevada.

18.     Defendant violated the laws of the State of Nevada by operating his vehicle in a negligent, careless and reckless manner, by failing to pay full attention to driving and thus, rear-ended Plaintiff's vehicle, thereby causing damages and injuries to Plaintiff. Thus, Defendant is negligent per se.

19.     By reason of the premises and as a direct and proximate result thereof, Plaintiff sustained injuries to her head, neck, back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to her general damage in a sum in excess of $15,000.

20.     By reasons of the premises and as a direct and proximate result of the aforementioned, Plaintiff was required to and did receive medical and other treatment for her injuries received in an expense all to her damage in a sum in excess of $15,000. Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount, and Plaintiff will amend her Complaint accordingly when the same shall be ascertained.

21.     Prior to the injuries complained herein, Plaintiff was an able-bodied person readily and gainfully employed and physically capable of engaging in all other activities for which she was otherwise suited.

### THIRD CLAIM FOR RELIEF
#### (NEGLIGENCE ENTRUSTMENT-DEFENDANT CATERPILLAR)

Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 21, as fully set forth herein.

22.     CATERPILLAR entrusted said vehicle to Defendant when they allowed him to drive said vehicle.

Page 4 of 6

23.    CATERPILLAR knew or should have known that the Defendant lacked the skill and necessary training in operating a motor vehicle entrusted to her. As such, CATERPILLAR knew or should have known of the significant hazards arising from the operating of said motor vehicle on public streets.

24.    CATERPILLAR knew or should have known that the entrustment of said vehicle to Defendant would inflict damages to person and property using public streets, including Plaintiff.

25.    CATERPILLAR had a duty to only trust said vehicle to qualified and competent drivers.

26.    CATERPILLAR breached this duty when they entrusted the vehicle to Defendant.

27.    By reason of the premises and as a direct and proximate result thereof, Plaintiff sustained injuries to her head, neck, back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to her general damage in a sum in excess of $15,000.

28.    By reasons of the premises and as a direct and proximate result of the aforementioned, Plaintiff was required to and did receive medical and other treatment for her injuries received in an expense all to her damage in a sum in excess of $15,000.  Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount, and Plaintiff will amend her Complaint accordingly when the same shall be ascertained.

29.    Prior to the injuries complained herein, Plaintiff was an able-bodied person readily and gainfully employed and physically capable of engaging in all other activities for which she was otherwise suited.

### FOURTH CLAIM FOR RELIEF
#### (RESPONDEAT SUPERIOR-DEFENDANT CATERPILLAR)

Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 29, as if fully set forth herein.

30.    CATERPILLAR entrusted said truck to Defendant in order to generate income and profits.

31.    Defendant is and was an employee of CATERPILLAR and under the supervision and

DIMOPOULOS
INJURY LAW

control of CATERPILLAR at the time of the accident described herein.

32. At all times relevant herein, Defendant was acting within the scope and course of his employment with CATERPILLAR at the time of the accident described herein.

33. By reason of the premises and as a direct and proximate result thereof, Plaintiff sustained injuries to her head, neck, back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to her general damage in a sum in excess of $15,000.

34. By reasons of the premises and as a direct and proximate result of the aforementioned, Plaintiff was required to and did receive medical and other treatment for her injuries received in an expense all to her damage in a sum in excess of $15,000. Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount, and Plaintiff will amend her Complaint accordingly when the same shall be ascertained.

35. Prior to the injuries complained herein, Plaintiff was an able-bodied person readily and gainfully employed and physically capable of engaging in all other activities for which she were otherwise suited.

WHEREFORE, Plaintiff Arla Smith prays for judgment on all claims for relief as follows:

1. General damages in excess of $15,000.00.

2. Special damages in excess of $15,000.00.

3. Lost wages in an amount yet to be determined.

4. Costs of suit incurred including reasonable attorneys' fees.

5. For such other relief as the Court deems just and proper.

DATED THIS 16th day of September, 2020.

DIMOPOULOS INJURY LAW

/s/ Garnet E. Beal

GARNET E. BEAL, ESQ.
Nevada Bar No. 12693
6830 South Las Vegas Boulevard, #275
Las Vegas, NV 89119

Page 6 of 6