1  CURTIS J. BUSBY
   Nevada Bar No. 6581
2  **BOWMAN AND BROOKE LLP**
   2901 North Central Avenue, Suite 1600
3  Phoenix, Arizona 85012
   (602) 643-2300 (Telephone)
4  (602) 248-0947 (Facsimile)
   curtis.busby@bowmanandbrooke.com
5
   ROBERT A. NERSESIAN
6  Nevada Bar No. 2762
   **NERSESIAN & SANKIEWICZ**
7  528 S. Eighth Street
   Las Vegas, Nevada 89101
8  (702) 385-5454 (Telephone)
   vegaslegal@aol.com
9
   Attorneys for Defendants Caterpillar, Inc. and Richard Daniel Whelden
10

11  **UNITED STATES DISTRICT COURT**

12  **DISTRICT OF NEVADA**

13  | ARLA BREE SMITH, individually, | Case No. 2:20-cv-01977-JCM-NJK |
14  | Plaintiff, | |
15  | v. | |
16  | RICHARD DANIEL WHELDEN, individually; CATERPILLAR, INC.; DOE INDIVIDUALS 1-20, inclusive; and ROE CORPORATIONS 1-20, inclusive, | **STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES (FIRST REQUEST)** |
17  | | |
18  | Defendants. | |
19
20
21      The parties, by and through their respective counsel of record, hereby submit the following
22  Stipulation in accordance with FRCP 16(b)(4) and LR 26-3. This is the first request for an extension
23
24  of the discovery deadlines and is made in good faith and not for purposes of unnecessary delay.
25      Based upon the following, the parties request that the Court extend the remaining discovery
26  deadlines by sixty (60) days.
27
28

**A.** **The Parties Have Completed The Following Discovery To Date:**

**Plaintiff:** Plaintiff served initial disclosures pursuant to FRCP 26 on 1/7/21 and first supplemental disclosures on 1/27/21. On 1/25/21, Plaintiff served Defendant Caterpillar, Inc. with Request for Admissions, Request for Production, and Interrogatories and Defendant Whelden with Requests for Production and Interrogatories. Defendant Caterpillar served its responses to Request for Admissions on 2/26/21. Plaintiff granted an extension to Defendants until 3/8/21 to serve their responses and is working towards meeting or exceeding this extension.

**Defendant:** Defendants served initial disclosures on 12/30/20.  On 1/21/21, Defendant Caterpillar, Inc. served its Interrogatories to Plaintiff and Defendant Whelden served Request for Production of Documents and Interrogatories to Plaintiff. Plaintiff served responses on 2/22/21.

**B.** **The Following Discovery Remains To Be Completed:**

1. Defendants to obtain authentication of Plaintiff's medical records

2. Initial expert disclosure

3. Rebuttal expert disclosure

4. Depositions of parties (and possibly witnesses)

5. Prospective depositions of some select experts and possibly treating physicians disclosed by the parties

5. Supplemental disclosures

6. Follow-up written discovery.

7. This list is a good faith effort by the parties to continue with planned discovery, but the list is not considered exhaustive by the parties and each anticipate that they may need to conduct other forms of discovery not specifically delineated herein, and they anticipate doing so on an as-needed basis.

**C.     Why Discovery Cannot Be Completed According To Current Deadlines:**

Good cause exists in this case to extend all applicable discovery dates and deadlines. This is the parties' first request for an extension. The request is needed because the Court's stated date for expert disclosure could/can not be met. At least with respect to the Defendants, even with prompt discovery in the form of requests to produce, medical authorizations, verified disclosure of treating health care providers, the information which is needed in order to gain an expert review cannot be marshalled in time to present the information to prospective experts and gain a relevant opinion from such information. Indeed, despite prompt discovery following the issuance of the discovery order, the information inclusive of authentication remains pending as this is written, and there is no "evidence" the prospective experts can look to in order to formulate supported conclusions, if any.

Additionally, the parties have been working diligently on moving this matter forward. Discussions have taken place relative to the possibility of early resolution. Added to this is a delay in prospective depositions as the parties work out the proper parameters considering the current covid pandemic. In short, this stipulation is not filed for purposes of delay, but rather, to advance the litigation goals set forth in Fed. R. Civ. P. 1.

The parties anticipated a discovery period longer than that ordered by the Magistrate Judge. Within ten days of that Order, Defendant provided its initial disclosures. Plaintiff's initial disclosures followed shortly thereafter, and written discovery was promptly propounded by each side. Moreover, as the matter was filed in state court originally, discovery could not even commence at any level for over a month following service of the Complaint. *See* NRCP 26(a). Good cause thusly exists for the extension of the discovery in the current matter as requested.

For these reasons, the parties agree that remaining discovery dates should be extended for sixty (60) days.

**D.     Proposed Schedule of Discovery:**

The parties jointly agree that discovery deadlines should be adjusted as follows:

| | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Motion to Amend Pleadings or Add Parties | closed | closed |
| Initial Expert Disclosure Deadline | 3/4/21 | 5/3/21 |
| Rebuttal Expert Disclosure Deadline | 4/5/21 | 6/2/21 |
| Discovery Cutoff | 5/3/21 | 7/2/21 |
| Dispositive Motion Deadline | 6/2/21 | 8/2/21 |
| Joint Pre-trial Order | 7/2/21 | 9/1/21 |

*If dispositive motions are filed, the deadline for filing the joint pre-trial order will be suspended until 30 days after decision on the dispositive motions or further order of the court. The parties respectfully request that this Stipulation and Order to Extend Discovery (First Request) be granted, and that the Court adopt the proposed dates set forth above.

DATED this 2nd day of March, 2021.                    DATED this 2nd day of March, 2021.

NERSESIAN & SANKIEWICZ                                DIMOPOULOS INJURY LAW

/s/ Robert A. Nersesian_____                       /s/ Garnet E. Beal_____
ROBERT A. NERSESIAN                                   Garnet E. Beal, Esq.
Nevada Bar No. 2762                                   Nevada Bar No. 012693
528 S. Eighth Street                                  6671 S. Las Vegas Blvd., Suite 275
Las Vegas, Nevada 89101                               Las Vegas, NV 89119
*Attorneys for Defendants*                            *Attorneys for Plaintiff*

**ORDER**

IT IS SO ORDERED.

DATED: March 2, 2021.

_____
UNITED STATES MAGISTRATE JUDGE